# United States District Court
# Central District of California

| | |
|---|---|
| LEGALFORCE, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>    v.<br><br>LEGALZOOM.COM, INC., a Delaware corporation,<br><br>              Defendant. | Case No. 2:18-cv-06147-ODW-GJS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE [20]** |

## I. INTRODUCTION

Presently before the Court is Defendant Legalzoom.com, Inc.'s Motion to Transfer Venue to the United States District Court for the Northern District of California, San Francisco Division. For the following reasons, the Court **GRANTS** Defendant's Motion to Transfer Venue.[1]

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Legalzoom.com, Inc. ("LegalZoom") is in the business of providing access to legal self-help solutions and pre-paid legal service plans to the public. (Mot. to Transfer Venue ("Mot.") 2, ECF No. 20-1.) Plaintiff Legalforce.com, Inc. ("LegalForce") is purportedly one of LegalZoom's competitors. (*Id.*)

On December 19, 2017, LegalForce filed a complaint in the Northern District of California, styled *LegalForce RAPC Worldwide, P.C. et al. v. LegalZoom.com, Inc. et al.*, 3:17-cv-07194-MMC (the "Northern District Action"), asserting several claims against LegalZoom and other defendants. (Mot. 2; *see also* Decl. of Michelle C. Doolin ("Doolin Decl.") ¶ 2, ECF No. 20-2.) LegalForce filed a First Amended Complaint on January 2, 2018. (Mot. 3.) Then, LegalForce subsequently sought leave to amend the First Amended Complaint, which the court rejected due to LegalForce's failure to file a proposed Second Amended Complaint. (*Id.*) The defendants moved to dismiss the First Amended Complaint. (*Id.*) While LegalZoom's motion to dismiss was pending, LegalForce renewed its request for leave to amend the First Amended Complaint and voluntarily dismissed every defendant except LegalZoom. (*Id.*) The court then granted LegalZoom's motion to dismiss the First Amended Complaint for failure to state a claim. (*Id.*) The court granted LegalForce's request to file a Second Amended Complaint for the sole purpose of curing the deficiencies identified by the court in the order granting dismissal of the First Amended Complaint. (*Id.* at 3–4.)

On May 17, 2018, LegalForce filed its Second Amended Complaint. (Doolin Decl. Ex. 1, ECF No. 20-3.) This complaint included no new claims. (Mot. 4.) On the following day, LegalForce filed a motion for leave to file a Third Amended Complaint, which included six additional claims. (Doolin Decl. Ex. 6, ECF No. 20-3.) LegalZoom moved to dismiss the Second Amended Complaint and Legalforce filed a statement of non-opposition, and instead, requested the court grant leave to file a Third Amended Complaint. (*See* Doolin Decl. Ex. 8, ECF No. 20-3.)

The court denied LegalForce's motion for leave to amend a Third Amended Complaint, finding that disregarding the Second Amended Complaint in favor of the Third Amended Complaint would "not serve the interests of judicial economy, as it will unnecessarily prolong the pleading stage." (Doolin Decl. Ex. 8.) Nonetheless, the court provided LegalForce with a second opportunity to oppose LegalZoom's motion to dismiss the Second Amended Complaint. (Mot. 5.) On July 9, 2018, before the court ruled on the motion to dismiss, LegalForce voluntarily dismissed the Second Amended Complaint. (*Id.*) Without an operative complaint, the court in the Northern District Action closed the case for "statistical purposes." (Doolin Decl. Ex. 1.)

On July 16, 2018, LegalForce filed a complaint against LegalZoom in this Court. (*See generally* Compl., ECF No. 1.) The Complaint contains the same claims for trademark infringement and cyberpiracy that LegalForce asserted in its Third Amended Complaint in the Northern District of California. (*See* Ex. 11, ECF No. 20-3.)

### III. LEGAL STANDARD

A district court may transfer an action to any district or division "where the action might have originally been brought" to promote the convenience of the parties and witnesses and the interests of justice. 28 U.S.C. § 1404(a). Section 1404(a) "gives a district court broad discretion to transfer a case to another district where venue is also proper." *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1108 (C.D. Cal. 2007); *see also Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) ("Weighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge.").

Alternatively, a district court has the inherent power to transfer or dismiss an action if it believes the case arises from judge-shopping. *Alvarado v. Bank of Am., N.A.*, No. CIV. S-08-2862 LKK/DAD, 2009 WL 720875, at *2 (E.D. Cal. Mar. 17, 2009) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

Pursuant to this district's Local Rules, "[i]t is not permissible to dismiss and thereafter refile an action for the purpose of obtaining a different judge." C.D. Cal. L.R. 83-1.2.1. Moreover, "[w]henever an action is dismissed by a party or by the Court before judgment and thereafter the same or essentially the same claims, involving the same or essentially the same parties, are alleged in another action, the later-filed action shall be assigned to the judge to whom the first-filed action was assigned." C.D. Cal. L.R. 83-1.2.2.

## IV. DISCUSSION

The Court finds this case is appropriate for transfer back to the Northern District of California pursuant to both § 1404(a) and the Court's inherent authority to prevent judge shopping.

**A. Transfer Pursuant to § 1404(a)**

To transfer this case to the Northern District of California, the Court must find: 1) the transferee court is one where the action "might have been brought," and 2) the parties' and witnesses' conveniences, as well as the interests of justice, favor transfer. *Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1145; *see also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).

**1. The transferee court is one where the action "might have been brought."**

Transferring pursuant to § 1404(a) requires "demonstrating that subject matter jurisdiction, personal jurisdiction, and venue would have been proper if the plaintiff had filed the action in the district to which transfer is sought." *Metz*, 674 F. Supp. 2d at 1145. Here, subject matter jurisdiction exists because LegalForce's infringement claims arise under federal law and the remaining claims are a part of the same case or controversy. *See* 28 U.S.C. §§ 1331, 1367. Personal jurisdiction is also proper because both parties' principal place of business is in California. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (1990); (*see also* Compl. ¶¶ 2, 3.). Lastly, venue is proper in the Northern District of California because both parties assert that a substantial part

of the events giving rise to this claim occurred there. (Doolin Decl. Ex. 6.) Accordingly, LegalForce could have brought, and actually did bring, this action in the Northern District of California.

### 2. Convenience and interests of justice.

As the Northern District of California is a proper venue, as established above, the decision to transfer turns on the convenience of parties and witnesses, and the interests of justice. *See Young Props. Corp. v. United Equity Corp.*, 534 F.2d 847, 852 (9th Cir. 1976).

#### a. Convenience of the parties and witnesses.

Generally, "[t]he weight given to the plaintiff's choice of forum diminishes when the plaintiff resides outside the chosen forum." *Siddiqi v. Gerber Prods. Co.*, No. CV 12-1188 PA (RZx), 2012 WL 11922412, at *4 (C.D. Cal. Mar. 26, 2012). Here, LegalForce does not reside in the Central District of California. (Mot. 2.) LegalForce is a Delaware corporation with its principal place of business in Mountain View, California. (*Id.*) Thus, LegalForce's choice of forum is given minimal weight. Alternatively, the Northern District of California is a convenient forum for both parties, given that LegalForce originally filed this case in the Northern District's San Francisco division, and LegalZoom is moving to transfer the case back to that district. (Doolin Decl. Ex. 1.) Regarding witnesses, LegalZoom does not anticipate that any witnesses will be called. (Mot. 13.) LegalForce offers nothing more than conjecture and speculation regarding the location of possible witnesses. LegalForce fails to identify the witnesses that would have information sufficient to support its claims and notes only that they would "probably" be found in the Central District of California. (LegalForce's Opp'n to LegalZoom's Mot. to Transfer ("Opp'n") 11, ECF No. 23.) However, to the extent LegalForce has any witnesses, they are more likely located in the Northern District, where LegalForce's principal place of business is located. Accordingly, transferring this case to the Northern District does not appear to cause inconvenience to the parties or witnesses.

### b. The interests of justice favor transfer.

In deciding whether the interests of justice favor transfer to another district court, a court should consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). Since many of the factors are inapplicable to the case at hand, the Court will discuss only the relevant factors.

### i. Plaintiff's choice of forum is a result of judge-shopping.

Generally, a "[p]laintiff's choice of forum, while taken into account, is not a sufficiently strong factor to deny the motion to transfer" venue. *F.T.C. v. Watson Pharm., Inc.*, 611 F. Supp. 2d 1081, 1090 (C.D. Cal. 2009). A key "'interest of justice' factor is the prevention of forum shopping." *Wireless Consumers All., Inc. v. T-Mobile USA, Inc.*, No. C 03-3711 MHP, 2003 WL 22387598, at *5 (N.D. Cal. Oct. 14, 2003). "If there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). Moreover, "concerns of forum-shopping are potentially present when a plaintiff pursues litigation outside his home district." *Mitchell v. Deutsche Bank Nat'l Tr. Co.*, No. SAVC 15-01307-CJC (JCGx), 2015 WL 12867746, at *3 (C.D. Cal. Oct. 29, 2015). Forum shopping could reasonably be inferred if the plaintiff files the same or similar case represented by the same law firm in a different district after receiving unfavorable rulings there. *See*

*Carrera v. First Am. Home Buyers Prot. Co.*, No. CV 11-10242-GHK (FFMx), 2012 WL 13012698, at *6 (C.D. Cal. Jan. 24, 2012); *see also Alexander v. Franklin Resources, Inc.*, No. C 06–7121 SI, 2007 WL 518859, at *4 (N.D. Cal. Feb. 14, 2007). "[E]vidence of plaintiff's attempt to avoid a particular precedent from a particular judge weighs heavily in the context of [the interests of justice] and would often make the transfer of venue proper." *Wireless Consumers All.*, 2003 WL 22387598, at *5.

Here, LegalForce's actions indicate forum-shopping. LegalForce filed its claims in this district after receiving unfavorable rulings in the Northern District. Judge Chesney granted LegalZoom's motion to dismiss the First Amended Complaint, eventually allowed a limited revision through a Second Amended Complaint, and denied leave to file a Third Amended Complaint. (Mot. 8.) When LegalForce did not get the result it wanted in the Northern District Action, it dismissed that action and refiled the same case here. (Mot. 8.)

LegalForce argues, "[i]f plaintiff is seeking a new judge, defendant also has reasons to reverse-forum shop and be heard before a judge that has once ruled in its favor." *Shields v. Amerigas Propane, Inc.*, No. 2:15-cv-00754-KJM-EFB, 2015 WL 5436772, at *4 (E.D. Cal. Sept. 15, 2015). LegalForce also contends that "the record supports an equal likelihood of forum and/or judge shopping by both parties, weighing neither for nor against transfer." (Opp'n 13 (quoting *Shields*, 2015 WL 5436772, at *4).) However, unlike *Shields*, the parties in this case did not stipulate to dismiss the Northern District Action. Plaintiff LegalForce, on its own accord, decided to voluntarily dismiss its case. Further, this Court has not issued any orders and has not decided any substantive motions (except for the one currently before this Court). LegalForce's attempt to find a new court for claims previously rejected by the Northern District Action is not well taken by this Court. Accordingly, this factor weighs in favor of transferring back to the Northern District.

///

///

### ii. Difference in cost of litigation in the two forums.

For purposes of judicial economy, a court's familiarity with the facts of a case and legal issues weigh in favor of transferring to that district. *See Carerra*, 2012 WL 13012698, at *6. "[T]his instant case will require consideration of many of the issues considered in [the previous action], … . [and] [j]udicial resources are conserved when an action is adjudicated by a court that has already committed judicial resources to the contested issues and is familiar with the facts of the case." *Shields*, 2015 WL 5436772, at *6–7 (E.D. Cal. Sept. 15, 2015).

Here, LegalForce alleged essentially the same claims based on the same underlying facts as asserted in the Northern District Action. (Mot. 5.) Moreover, since Judge Chesney presided over the matter for nearly 8 months, she is readily familiar with the parties and the facts of this case. Judge Chesney issued numerous substantive orders in that case, and in many instances, attempted to resolve the numerous pleading issues caused by LegalForce's lack of diligence in properly pleading its case. LegalForce argues that Judge Chesney does not have familiarity with the new claims that were also present in the Third Amended Complaint because she rejected the complaint as premature. (Opp'n 5, 14.) However, Judge Chesney recognized LegalForce's attempt to waste judicial resources (as it has done in this case as well) by prematurely attempting to file another amended complaint without addressing the deficiencies identified by LegalZoom in the motion to dismiss. *See* Order Den. as Premature Pl.'s Mot. for Leave to File Third Am. Compl., Northern District Action (N.D. Cal. June 20, 2018). That Judge Chesney did not allow LegalForce to plead new causes of action as identified in the proposed Third Amended Complaint does not mean that Judge Chesney was not familiar with the underlying facts of the case.

For the reasons discussed above, it is appropriate to transfer this case to the Northern District of California pursuant to U.S.C. § 1404(a).

///

### B. Court's Inherent Power to Prevent Judge-Shopping

Additionally, the Court finds it proper to transfer this case back to the Northern District pursuant to its inherent authority. Courts possess inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1996). Judge shopping abuses the judicial process and a court may dismiss the action or impose other suitable sanctions. *Hernandez*, 138 F.3d at 398–99. Moreover, "[w]henever an action is dismissed by a party or by the Court before judgment and thereafter the same or essentially the same claims, involving the same or essentially the same parties, are alleged in another action, the later-filed action shall be assigned to the judge to whom the first-filed action was assigned." C.D. Cal. L.R. 83-1.2.2.

Here, LegalForce abused the judicial process by judge-shopping. LegalForce voluntarily dismissed the Northern District Action and refiled the case in this district. LegalForce's only basis for dismissing its case and refiling in this district is speculation that "Judge Chesney made it clear that she did not wish for this case to come before her." (Opp'n 5.) However, Judge Chesney closed the case because LegalForce voluntarily dismissed its Second Amended Complaint. *See* Notice of Voluntary Dismissal, Northern District Action (N.D. Cal. July 9, 2018). Without an operative complaint, there is no case or controversy before the court. Based on the Court's review of the pleadings before this Court and those in the Northern District Action, the only basis the Court can infer from LegalForce's voluntary dismissal and subsequent refiling in another district is to forum shop. Although the Court is inclined to levy monetary sanctions against LegalForce for its blatant forum-shopping, the Court will instead exercise its inherent authority to transfer this case back to the United States District Court for the Northern District of California.

///

///

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** LegalZoom's Motion to Transfer Venue. The Clerk of the Court shall transfer this case to the United States District Court for the Northern District of California.

**IT IS SO ORDERED.**

November 27, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**